FILED
2008 May-28  AM 09:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DARLENE HOLLEY-JONES, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 7:08-CV-00257-LSC |
| | ] |
| TUSCALOOSA COUNTY, ALABAMA | ] |
| HEALTH DEPARTMENT, *et al.*, | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration the State Board of Health's (the "State") Motion to Dismiss or, in the alternative, Motion for a More Definite Statement, which was filed on March 19, 2008. (Doc. 7.) Plaintiff Darlene Holley-Jones ("Holley-Jones") filed suit against the Tuscaloosa County, Alabama Health Department and various fictitious parties alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and various state laws. Specifically, Plaintiff alleges racial discrimination, breach of implied contract, intentional infliction of emotional distress, outrage, and

constructive termination. The Court entered a Show Cause Order on March 19, 2008, requiring Plaintiff to show why Defendant's motion should not be granted. (Doc. 8.) Plaintiff responded to the Court's Order on March 30, 2008, providing that she amended her complaint[1] to provide a more definite statement and to designate a proper party. (Doc. 11.) However, Plaintiff failed address all of the issues raised in the State's motion to dismiss; therefore, the Court held a telephone conference on April 8, 2008 during which the Court instructed Plaintiff to further respond to the motion to dismiss. Plaintiff responded on April 15, 2008. The issues raised in Defendant's motion to dismiss are now ripe for consideration. The motion is due to be granted in part and denied in part.

II.   Standard.

---

[1] After the State filed its motion to dismiss (Doc. 7), Plaintiff filed an amendment to the original complaint in which she adds additional facts to the statement of facts and corrected the name of the defendant. (Doc. 10.) *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291-92 (11th Cir. 2007)("Federal Rule of Civil Procedure 15(a) states that '[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.' For purposes of this Rule, a motion to dismiss is not a responsive pleading. If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.")(internal citations omitted).

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007)(internal citations omitted).[2] The plaintiff must plead "enough facts

---

[2]The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson. See Bell Atl. Corp.*, 127 S.Ct. at 1968 (quoting *Conley,* 355 U.S. 41, 45-46 (1957)). The Supreme Court stated that the "no set

to state a claim that is plausible on its face." *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364

---

of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S.Ct. at 1960.

(11th Cir. 1997).

III.    Discussion.

The State argues that Plaintiff's claims are due to be dismissed because (1) Plaintiff has not named a proper party;[3] (2) federal courts do

---

[3] Plaintiff originally designated "Tuscaloosa County, Alabama Health Department" as the defendant. In its motion to dismiss, the State argues that the Tuscaloosa County Health Department is not a legal entity and therefore lacks capacity to be sued. *See* ALA. CODE §§ 22-1-1, 22-2-2 & 22-3-1 (1975). In Plaintiff's response to the Show Cause Order and her amendment to the original complaint, Plaintiff corrects the name of the defendant, designating the Alabama Department of Public Health as a proper party. (Docs. 10 & 11.) Since Plaintiff changes the name of the defendant, it appears that she has abandoned all claims against the Tuscaloosa County, Alabama Health Department. Therefore, Plaintiff's claims are due to be dismissed against the Tuscaloosa County, Alabama Health Department. The State, in its reply to the motion to dismiss, did not take issue with the designation of the Alabama Department of Public Health as a defendant; therefore, it appears that the Alabama Department of Public Health is properly named as a defendant.

not allow fictitious party practice;[4] (3) the Complaint fails to state a claim;[5] (4) this Court lacks jurisdiction;[6] (5) Plaintiff's state law claims are barred

---

[4]It is well settled that "the Federal Rules do not authorize suit against fictitious parties." *CSX Transp., Inc. v. United Transp. Union*, 2007 WL 1643172, *1 (11th Cir. 2007); *see also Saxton v. ACF Indus., Inc.* 254 F.3d 959, 961 (11th Cir. 2001)(stating that there is "no fictitious party practice in the courts of the United States,"); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir.1997)(noting that the use of fictitious parties is not permitted in federal court); *Rommell v. Automo. Racing Club of Am., Inc.*, 964 F.2d 1090, 1098 (11th Cir. 1992)("The court found that there is no fictitious party practice in federal court."); *Wiggins v. Risk Enter. Mgmt. Ltd.*, 14 F. Supp. 2d 1279, 1279 n.1 (M.D. Ala.1998)(stating that "there is no fictitious party practice in the Federal Courts"). Moreover, it appears from Plaintiff's amendment to the original complaint and response to the motion to dismiss that Plaintiff has abandoned her claims against fictitious parties. Thus, Defendant's motion to dismiss fictitious parties is due to be granted.

[5]In its motion to dismiss, the State claims that the complaint fails to state a claim upon which relief can be granted because Plaintiff has failed to allege sufficient facts to establish a prima facie case of race discrimination or constructive termination. In her response, Plaintiff states that the amendment to the original complaint now provides a more definite statement, which sufficiently alleges a prima facie case of race discrimination. After Plaintiff filed her amendment to the complaint, the State filed a subsequent motion to dismiss the amended complaint challenging the sufficiency of Plaintiff's Title VII claims for race discrimination and constructive termination. (Docs. 13 & 14.) The Court denied the motion and stated that these issues should be addressed through an appropriately filed motion to dismiss or summary judgment on or before the deadline for dispositive motions. (Doc. 15.) While the State still argues that Plaintiff's complaint fails to establish a prima facie case (Doc. 18), the Court will not address this issue at this stage in the proceedings since Plaintiff has plead "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp.*, 127 S.Ct. at 1974.

[6]The State argues that Plaintiff failed to invoke the jurisdiction of the Court since Plaintiff did not cite to statutes conferring the district court with jurisdiction over this subject matter. In Plaintiff's response to the motion to dismiss, Plaintiff states that her claim is brought pursuant to the Court's federal question jurisdiction, since the claim arises under Title VII. Therefore, Plaintiff has invoked the Court's jurisdiction pursuant to 28 U.S.C. § 1331. Thus, Defendant's motion to dismiss based on lack of subject matter jurisdiction is due to be denied.

by the Eleventh Amendment and the doctrine of sovereign immunity; (6) punitive damages are not recoverable against the government or governmental agency; and (7) injunctive relief is not appropriate. While Plaintiff was given the opportunity to cure the issues addressed in the State's motion to dismiss by amending her complaint, the issues of immunity, punitive damages, and injunctive relief remain. The Court will address the remaining issues below.

A.   State Law Claims.

The State argues that the Eleventh Amendment and the doctrine of sovereign immunity bar Plaintiff's state law claims of breach of contract, intentional infliction of emotional distress, outrage, and constructive termination. Plaintiff claims that since the Health Department in Tuscaloosa operates on budgets and plans derived from individuals and receives money from individuals and federal funding, the Health Department in Tuscaloosa is not a state agency and therefore not entitled to immunity.[7]

The Eleventh Amendment provides: "[t]he Judicial power of the

---

[7]It is unclear from Plaintiff's response who she is arguing is not entitled to immunity, the Tuscaloosa County Health Department or the State Department of Public Health.

United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Absent waiver or abrogation, the Eleventh Amendment prohibits federal courts from hearing federal and state claims by an individual against a state, state agency, or state official. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997); *Golthy v. Alabama*, 287 F. Supp. 2d 1259, 1263 (M.D. Ala. 2003)(citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984))("Where the relief sought affects the state or where the state is, in effect, the party sued, . . . the Eleventh Amendment bars any supplemental state claims."); *Sanders v. Miller*, 837 F. Supp. 1106, 1110 (N.D. Ala. 1992).

In order to receive Eleventh Amendment immunity, "a defendant need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). Courts must look at the entity's functions and characteristics as defined by state law to determine whether an entity is an "arm of the

State." *See Brown v. E. Cent. Health Dist.*, 752 F.2d 615, 617 (11th Cir. 1985); *see also Manders*, 338 F.3d at 1309 (Courts apply four factors in order to determine whether an entity is an "arm of the State": "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity."). Applying these principles, it is apparent that the Alabama Department of Public Health is an arm of the State of Alabama. "By statute, the Alabama State Department of Public Health . . . [is an] 'arm[] of the State.'" *Davenport v. Neely*, 7 F. Supp. 2d 1219, 1230 (M.D. Ala. 1998)(citing ALA. CODE §§ 22-1-1, *et seq.* (1975)); *see also Medical Ass'n of State of Ala. v. Schweiker*, 554 F. Supp. 955, 965 (M.D. Ala. 1983), *aff'd* 714 F.2d 107 (11th Cir. 1983)(stating that the State Board of Health is a state agency). Since the Alabama Department of Public Health is an "arm of the State," it is clothed with Eleventh Amendment immunity and is therefore completely immune from Plaintiff's state law claims.

In addition, Article I, § 14 of the Alabama Constitution provides that "the State of Alabama shall never be made a defendant in any court of law or equity." ALA. CONST. art. I, § 14 (1901). Courts have held that this

provision bars suit against the State under state law brought in federal court.  *See Golthy,* 287 F. Supp. 2d at 1263 (citing *Godby v. Montgomery Co. Bd. of Educ.*, 996 F. Supp. 1390, 1414 (M.D. Ala. 1998)).  In addition, this provision has been extended to the State's agencies; therefore, the State of Alabama and its agencies are immune from suit in any court.[8]  *Ex parte Walley*, 950 So. 2d 1172, 1178 (Ala. 2006); *Haley v. Barbour County*, 885 So. 2d 783, 788 (Ala. 2004); *Ex parte Tuscaloosa County,* 796 So. 2d 1100, 1103 (Ala. 2000); *Ex parte Franklin County Dep't of Human Res.*, 674 So. 2d 1277 (Ala.1996).  Here, the Alabama Department of Public Health is a state agency, or an arm of the State; therefore, it is entitled to sovereign immunity.  *See Medical Ass'n of State of Ala.*, 554 F. Supp. at 965; *Davenport*, 7 F. Supp. 2d at 1230.

Accordingly, the Alabama Department of Public Health is immune from

---

[8]*See Golthy*, 287 F. Supp. 2d at 1263 (finding that the Alabama Department of Transportation was immune from suit); *Centraal Stikstof Verkoopkanter, N.V. v. Walsh Stevedoring Co.,* 380 F.2d 523, 533 n.8 (5th Cir. 1967)(stating that the state docks operated by the Alabama Department of State Docks and Terminals was immune from suit under the doctrine of sovereign immunity); *Hayden v. Ala. Dep't of Public Safety*, 506 F. Supp. 2d 944, 950 (M.D. Ala. 2007)(holding that the Alabama Department of Public Safety was immune from suit on the state law claims based on the doctrine of sovereign immunity).

the state law claims.[9] Therefore, the State's motion to dismiss is due to be granted as to Plaintiff's state law claims.

B.   Punitive Damages.

Plaintiff seeks punitive damages in the amount of $300,000.00, claiming that this is the maximum allowed by the statute. (Doc. 1.) In its motion to dismiss, the State contends that the Alabama Department of Public Health is not liable under Title VII for punitive damages because it is a governmental agency. Plaintiff has failed to respond to the State's

---

[9]In Plaintiff's amendment to the original complaint, she corrects the name of the defendant to "Alabama Department of Public Health" thereby terminating the original defendant, the Tuscaloosa County, Alabama Health Department. (Doc. 10.) However, in her response to the State's motion to dismiss, she argues that the Tuscaloosa County, Alabama Health Department is not an arm of the State and should therefore not be considered a state agency. (Doc. 16.) To the extent that Plaintiff seeks to bring state law claims against the Tuscaloosa County, Alabama Health Department, such claims are due to be dismissed because county health departments are agencies of the state and entitled to immunity. *See Davenport*, 7 F. Supp. 2d at 1230 (M.D. Ala. 1998)(citing *Bathgate v. Mobile County Bd. of School Comm'rs*, 689 So. 2d 109 (Ala. Civ. App.1996)); *Williams v. Madison County Bd. of Health*, 523 So. 2d 453, 455 (Ala. Civ. App.1988)(stating that the Madison County Board of Health was a local agency of the State of Alabama and therefore entitled to the state's immunity because "county boards of health are created pursuant to Ala. Code 1975, § 22-3-1, and are under the 'general supervision and control of the state board of health;' . . . [they] are charged by the legislature with the task of supervising the enforcement of health laws of the state within the counties; . . . [t]hey execute a state function and not a county function; the employees of the board/defendant are subject to the state merit system; [and t]hey receive their salaries from the comptroller of the State of Alabama through the State Health Department finance office.").

argument that Plaintiff is precluded from recovering punitive damages against the State.

Under the Civil Rights Act of 1991, a plaintiff seeking damages for a defendant's intentional discrimination in violation of Title VII may recover punitive damages.  *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 611 (11th Cir. 2000).  However, a plaintiff may not recover punitive damages against the government or a governmental agency.  *See* 42 U.S.C. § 1981a(b)(1) (2006)("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."); *see also Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1322 (11th Cir. 2000), *overruled on other grounds* (where plaintiffs conceded that they could not recover punitive damages against the County); *Walker v. H. Councill Trenholm State Technical College*, 2006 WL 2460592, at *2 (M.D. Ala. Aug. 23, 2006)(stating that courts applying 42 U.S.C. § 1981a(b) have dismissed Title VII punitive damages claims brought

against state governmental agencies); *Scott v. Estes*, 60 F. Supp. 2d 1260, 1274 (M.D. Ala. 1999)(stating that "[g]overnmental entities are expressly exempt from punitive damages under Title VII"). The Alabama Department of Public Health is a state agency. *See Watkins v. Montgomery County Bd. of Health*, 2006 WL 2092600, at *9 (M.D. Ala. July 27, 2006). Since the Alabama Department of Public Health is a governmental entity, punitive damages are not recoverable. Thus, the State's motion to dismiss is due to be granted as to this issue.

    C.    Injunctive Relief.

Plaintiff seeks an injunction "barring all future discriminatory acts by the [defendant] against African Americans and all other minorities." (Doc. 1.) The State argues that injunctive relief is not appropriate in this case. Plaintiff fails to provide a response to this argument.

In a Title VII case, "injunctive relief may benefit individuals not party to the action, and . . . classwide injunctive relief may be appropriate in an individual action." *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1136 (11th Cir. 1984)(citations omitted). However, while "injunctive relief may benefit non-parties as well as parties to a Title VII action, the class

benefitted by the injunction must include the plaintiff. Otherwise, the injunctive relief is unnecessary to the 'just disposition of the action.'" *Id.* (citations omitted)(where plaintiff did not seek reinstatement or show another way in which he would benefit from the relief, court held that injunctive relief was not appropriate).

In this case, Plaintiff has failed to establish that she would personally benefit from injunctive relief. Plaintiff has not alleged or even argued that she sought reinstatement or would otherwise benefit from the injunctive relief. Rather, Plaintiff, in her complaint, alleges that injunctive relief is necessary to protect African Americans and all other minorities from future discriminatory acts. While the injunctive relief sought may benefit African Americans and other minorities, who are non-parties to this suit, the relief sought must also benefit Plaintiff. *See Carmichael*, 738 F.2d at 1136; *see also Crosby v. Mobile County*, 2007 WL 4125885, at *2 (S.D. Ala. Nov 14, 2007)(where plaintiff was no longer a member of the class likely to benefit from injunctive relief, court held that plaintiff's motion for injunctive relief was due to be denied). Since Plaintiff has not shown that she would benefit personally from injunctive relief, such relief is inappropriate in this case.

Thus, the State's motion to dismiss is due to be granted as to injunctive relief.

IV.    Conclusion.

For the reasons stated above, Defendant's motion to dismiss (Doc. 7) is due to be granted in part and denied in part. A separate order in conformity with this opinion will be entered.

Done this 27th day of May 2008.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671